WO

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Charles Stanley Smith,  )
          Plaintiff,  )  CV 03-500 TUC DCB
v.  )
  )
Dora B. Schriro, Gary B. Kempker, John Doe )
#1, and John Doe #2,  )  **ORDER**
  )
          Defendants.  )
_____)

      Plaintiff's First Amended Complaint, filed on June 23, 2004, alleges a civil rights violation, pursuant to 42 U.S.C. § 1983. Plaintiff charges that he is being denied legal access to the courts to challenge his judgment and sentence on collateral review and parole proceedings. (Amended Complaint at 4, 4E.)

      Plaintiff is serving a 210 year sentence for second degree murder, based on a Missouri state court conviction. For the majority of his incarceration, he has been committed to the custody of the Arizona Department of Corrections (ADOC), pursuant to the Interstate Corrections Compact (ICC).

      Pursuant to the ICC, the Plaintiff remains subject to the jurisdiction of the sending state, Missouri, for transfer to another prison or other institution, for release on probation or parole, for discharge, or for any other purpose permitted by the laws of the

sending state. A.R.S. § 31-491, Article IV(c).  The receiving state, Arizona, shall provide regular reports to the sending state, including a conduct record in order for the inmate to have official review of his record in determining and altering the disposition of said inmate in accordance with the law in the sending state and in order that the same may be a source of information for the sending state.  *Id.* at (d).  The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state.  *Id.* at (e).  Any inmate shall have any and all rights to participate in and derive any benefits or incur or be relieved of any obligations or have such obligations modified or his status changed on account of any action or proceeding in which he could have participated if confined in the sending state.  *Id.* at (h).

As a prisoner, Plaintiff has a constitutional right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996), which in Missouri is met by providing inmates access to law libraries. (Missouri Department of Corrections, Rehabilitation Division, *available at* http://www.doc.missouri.gov/division/rehab/libraryservices.htm.)  The Arizona prison policy for legal access is to provide paralegal assistance to the inmate.  ADOC, Department Order (DO) § 902.

Smith alleges that the Arizona paralegal assistants are unable to assist him with Missouri law and instructed him to contact the Missouri Department of Corrections (MDOC).  He contacted the Interstate Corrections Compact Administrator for Missouri, the State of Missouri Department of Corrections, Board of Probation and Parol, and the

Legal Services/Inmate Law Library.  (First Amended Complaint at Ex. D-F.)  He explained that he was incarcerated in Arizona and requested assistance in accessing Missouri legal materials and the Missouri courts.  He did not receive any response from the MDOC.

Plaintiff sued Defendant Schriro, Director of the ADOC, as the individual responsible for the department's overall operations, policies and regulations, including those related to his right of access to the courts and the ICC.  He sued Gary B. Kempker, Director of the MDOC, as the individual responsible for the department's overall operations, policies, and regulations, including those related to his right of access to the courts and the ICC.

Without deciding that this Court lacks personal jurisdiction over Missouri Defendant Kempker, as asserted in his Motion to Dismiss, this Court finds that he is the proper defendant to name in this action alleging access to legal materials filed by an out-of-state inmate sent from Missouri to be housed by ADOC, pursuant to the ICC.  *Boyd v. Wood*, 52 F.3d 820, 821 (9th Cir. 1956).  As the sending state official, Defendant Kempker is responsible for providing state legal materials to such out-of-state inmates.  *Id.*  The Arizona Defendant, Dora B. Schriro, is dismissed because she had no responsibility to provide Plaintiff with Missouri legal materials.  *Id.*

An action under 42 U.S.C. § 1983 provides a remedy for a state prisoner, making a constitutional challenge to conditions of his prison life, like his access to legal materials and the courts.  Because such a case addresses conditions of confinement, jurisdiction

3

will generally be found in the federal district court for the state in which the inmate Plaintiff is incarcerated. Following the logic of *Boyd*, however, when the Plaintiff is an out-of-state prisoner incarcerated in Arizona under the ICC, challenging access to out-of-state legal materials and courts, then jurisdiction exists in the federal district court of the sending state, which in this case is Missouri. *Boyd*, 52 F.3d at 820-21.

Title 42, United States Code, section 1631 provides for transfer of a case to cure a lack of jurisdiction. Whenever a civil action is filed in a district court, and "that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action [] could have been brought at the time it was filed [], and the action [] shall proceed as if it had been filed [] for the court to which it is transferred on the date upon which it was actually filed in [] for the court from which it is transferred." This Court also has discretion to transfer this case to a forum where personal jurisdiction can be had over the Missouri defendants, pursuant to 28 U.S.C. § 1404(a).

The Court finds that in the interest of justice this action should be transferred to the United States District Court for the Western District of Missouri.

**Accordingly,**

**IT IS ORDERED** that the Motion to Dismiss (document 13) filed by Arizona Defendant, Dora B. Schriro, is GRANTED. She is dismissed from this action.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (document 19) filed by Defendant Kempker is DENIED AS MOOT.

4

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Extension of Time for electronic filing (document 23) is DENIED AS MOOT because the notice requiring electronic filing does not apply to pro se prisoners.

**IT IS FURTHER ORDERED** that this action shall be transferred to the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall transfer this case accordingly.

DATED this 18th day of November, 2005.

David C. Bury
United States District Judge